# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francis Dean McGraw, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:14-3208-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 13, 2015, recommending that the Commissioner's decision be reversed and remanded to the agency because of the failure to weigh the opinions of Plaintiff's treating orthopaedic surgeon, Dr. Michael Hoenig, and to reconcile those opinions with other record evidence. (Dkt. No. 16). The Commissioner has advised the Court that she does not intend to file objections to the R & R. (Dkt. No. 17). As explained below, the Court adopts the R & R of the Magistrate Judge as the order of the Court, except for the single paragraph under the title "Plaintiff's Remaining Arguments," (*Id.* at 31). The Court further addresses the failure of the Administrative Law Judge ("ALJ") to weigh the opinions of two other treating physicians, Dr. Richard Brannon, and Dr.

-1-

Kevin Tracy, under the standards of the Treating Physician Rule, and provides this as an additional supporting ground for reversal and remand.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the

Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). Known popularly as the "Treating Physician Rule," the regulation requires the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh *all* medical opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

## Discussion

Plaintiff asserts that he is disabled under the Social Security Act because of the combined effects of various physical and psychological impairments and has a disability onset date of August 28, 2009. After conducting a hearing in this matter, the ALJ concluded that Plaintiff's severe impairments included rheumatoid arthritis, multi-joint degenerative joint disease, right torn biceps muscle, hearing loss, acid reflux and depression with anxiety. (Dkt. No. 10-2 at 38). The ALJ concluded that despite these multiple severe impairments, Plaintiff retained the residual functional capacity to perform light work. (*Id.* at 40). This opinion differed from the opinions of three of plaintiff's treating physicians. Dr. Richard Brannon, a family physician who has treated Plaintiff for twenty five years, opined that Plaintiff was disabled because of his "increasing problems" associated with his rheumatoid arthritis and the effects of the pain medications Plaintiff is required to take for pain management. (Dkt. No. 10-10 at 93). Dr. Kevin Tracy, a treating rheumatologist who treated Plaintiff between 2006-2010, opined that Plaintiff was limited to no more than sedentary work, could stand or walk no more than 2 hours per day and could "lift no more than 10 pounds occasionally and no more than light files or papers frequently." (*Id.* at 94). Dr. Michael Hoenig, Plaintiff's treating orthopaedic surgeon whose opinions were completely overlooked by the ALJ, concluded that Plaintiff was permanently limited to sedentary work. (Dkt. No. 10-9 at 2-5).

The ALJ gave little weight to many of the opinions of Dr. Brannon and Dr. Tracy because, in the view of the ALJ, these physicians "simply parroted the claimant's subjective expression of his limitations." (Dkt. No. 10-2 at 43). The ALJ further complained that Dr. Brannon expressed his opinions on a form provided by the claimant's attorney and neither

physician ordered tests "to provide any objective measure of claimant's physical capabilities." (*Id.*).

Notably, the ALJ's evaluation of the opinions of Plaintiff's treating physicians did not exhibit any consideration of the standards of the Treating Physician Rule, including the physicians' examining relationship with the claimant, the nature and length of the treating relationship, and whether the physician was a specialist. 20 C.F.R. § 404.1527(c). Moreover, the ALJ's finding that Plaintiff's treating physicians were merely "parroting" the subjective complaints of their patient is both gratuitously insulting and not supported by the voluminous medical records of the treating physicians. The complaint of the ALJ that the treating physicians failed to order certain treatments or tests he deems were necessary sounds a great deal like the ALJ has substituted his medical opinions for those of Plaintiff's treating physicians.

On remand the ALJ is directed to evaluate the opinions of all medical experts in accord with the standards set forth in Treating Physician Rule, recognizing that "generally we give more weight to opinions of your treating sources" and to treating specialist physicians. § 404.1527(c)(2), (5). The fact that three treating physicians, two specialists and one family physician with twenty five years of treatment history with Plaintiff, have all concluded that Plaintiff is capable of performing no more than sedentary work, should be weighed and accorded appropriate consideration under the standards of the Treating Physician Rule.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16), except for the section titled "Plaintiff's Remaining Arguments" (*Id.* at 31), **REVERSES** the decision of the Commissioner on the basis of the adopted portions of the R & R and the order

of this Court, and **REMANDS** the case to the agency for further action consistent with this order pursuant to Sentence Four of 42 U.S.C. 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
November 19, 2015